# SUPREME COURT.

McVICKER agt. Ross and others ; HARRIS agt. SAME; WIL-
LIAMS agt. SAME.   In the matter of HASKIN agt. Ross and
others; FARGO and others agt. BLATCHFORD and others.

Although a *dissenting shareholder of a joint stock company* to consolidation with an-
other company, like a retiring partner in an ordinary partnership, is not to be
obliged, in the absence of express agreement to that effect, to surrender his inter-
est in the property of his remaining associates at an estimated valuation, but has
the right to have the valuation actually ascertained by a sale, in the only manner
recognized by law for closing up partnerships in the absence of express stipula-
tion :

Yet, where there is great disparity between the amount of stock assenting and that
dissenting to be consolidation, with a just regard for the interests of all the parties
concerned in the consolidated company, the court will order that the consolidated
company, the defendants in the action, give *ample security* that the property trans-
ferred to the consolidated company, shall, if so required by the judgment of the
court on the termination of the litigation, be delivered into the custody of the court,
for the protection of all the parties interested.

The plaintiffs, in such action, have no absolute right, though it is very common and
usual to do so, to have a sale at the commencement of the litigation, as soon as the
property has been handed over to a receiver; their right, if they are entitled
to have the property sold, is to have it sold when they have recovered judg-
ment.

*New York Special Term, August, 1869.*

CARDOZO, J. In the first three above entitled cases a mo-
tion is made to appoint a receiver of the property of the
Merchants' Union Express Company, and in them and in the
matter fourthly above entitled, I am asked to remove Mr.
William F. Allen, from the position of receiver of a certain
portion of such property, to which he was appointed by an
order made in the suit of *Haskin* agt. *Ross, &c.*   I have
concluded to deny these applications, except as hereafter
stated, for the following reasons :

I think that at this stage of the litigation the relief sought
is under the circumstances unnecessary for the full pro-

McVicker agt. Ross.

tection of the plaintiffs, and would be a needless hardship upon some of the defendants. The amount of dissentient stock is quite inconsiderable in comparison with the large amount of stock which has acquiesced in the agreement of consolidation, and while I am of the opinion that a dissenting shareholder in these joint stock companies, like a retiring partner in an ordinary partnership, is not to be obliged, certainly at all events in the absence of express agreement to that effect, to surrender his interest in the property to his remaining associates at an estimated valuation, but has the right to have the valuation actually ascertained by a sale in the only manner recognized by law for closing up partnerships in the absence of express stipulation:

Yet the great disparity between the amount of stock assenting and that dissenting and a just regard for the interests of all the parties concerned in the consolidated company, lead me to the conclusion that such an order should, and I think, can now be made without disturbing the present condition of affairs, as will make every discontented shareholder perfectly safe until a final decree can be made, settling and adjudging definitely the rights of the parties.

With that view, while denying the motion for receiver, and vacating the injunction issued, except so far as to prevent any attempt to forfeit stock of dissenting shareholders, I shall do so only on condition that the defendants furnish a bond with sureties to be approved by one of the justices of this court, conditioned that, upon the final judgment, all the property which belonged to the Merchants' Union Ex-Express Company, and which was transferred to the consolidated company, shall, if so required by the judgment, be delivered into the custody of the court through such officer for that purpose as it may appoint, and also that in case by use, lapse of time or otherwise any of the property shall have diminished in value, then to make the same, by a payment in cash, up to the full value to be ascertained as hereinafter mentioned.

This, I think, will protect everybody without doing harm to any one. The plaintiffs have no absolute right, though it is very common, and, indeed, most usual to do so, to have a sale at the commencement of the litigation, as soon as the property has been handed over to a receiver; their right, if they are entitled to have the property sold, is to have it sold when they have recovered judgment. All that they can claim, is that the property shall be preserved until judgment, so that their rights as then ascertained and declared may be enforced.

I do not understand the case of *Spicer* agt. *Haresceup*, decided by judge DALY, on the 30th of April, to which Mr. Sewell invited my attention after the argument, to conflict with the general rule, that a sale is the only method of closing up a partnership, if the partners cannot agree among themselves upon a division of some other method; I understand Judge DALY to have done substantially what I have determined to do here. He obliged the defendant to give security, so that the plaintiff should be safe when final judgment was obtained.

To carry my views into effect there must be a reference to James M. Sweeny, to ascertain and report all the property of every name and description and the value of each item which belonged to the Merchants' Union Express Company, and which was transferred to the consolidated company; and upon the coming in of that report I will fix the amount of the bond which the consolidated company must give as a condition of retaining the property pending the litigation, thus in effect constituting them receivers *pendente lite.*

I have intentionally avoided expressing any opinion on the merits or on the various questions discussed before me, believing that in the view I have taken of the present necessities of the case, I ought to leave them to be disposed of upon a regular trial.

Respecting the application to remove Judge Allen from the partial receivership which he holds, I think it sufficient to say that while I do not mean to be understood as approving the method which the parties took to procure that receivership, yet in view of the fact that the receiver is the officer of the court and under its control, and that the gentleman who holds the position is personally wholly unobjectionable and might very well have been selected for such a trust in a perfectly proper and legitmately conducted proceeding, I do not think that it is necessary for me to make any change at present. This leaves only the case of *Fargo, &c.*, agt. *Blatchford, &c.*, in which the plaintiffs seek to have the consolidation agreement confirmed and to restrain the suits brought to impeach it, and in which they ask the continuation of the preliminary injunction which has been granted.

It may be doubted whether that bill can be sustained, but I do not think it necessary to determine the question; because, after the disposition that I have made of the other cases and in view of the fact that the defendants in this suit can obtain any affirmative relief that they may show themselves entitled to, whether of the character demanded in their complaints in the other cases or otherwise, and that the litigation will be presented in a more convenient form than if conducted in many suits, no harm can be occasioned by continuing the injunction in this case, and therefore I think it best not to interfere on a mere motion with the temporary order, but to leave the defendants to the more solemn and regular course of a demurrer if they see fit, instead of litigating the whole merits of the controversy, as they can do, in the convenient form which the plaintiffs afford them by this action, to insist upon their right to a determination of the legal objections which they raise to the complaint.

An order to carry these views into effect may be prepared by either party and may be settled on notice, and either par

McVicker agt. Ross.

ty may make such suggestions for my consideration as he may desire respecting the provisions of the bond and the order of reference hereinbefore mentioned. The costs of the motions will be taxed in the causes and abide the event thereof.